BUCHALTER NEMER, PC
HARRY W.R. CHAMBERLAIN II (SBN: 95980)
Email: hchamberlain@buchalter.com
ROBERT M. DATO (SBN: 110408)
Email: rdato@buchalter.com
18400 Von Karman Ave., Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121

JONES WALKER LLP
MICHAEL W. MAGNER (La. Bar. No. 1206)*
Email:  mmagner@joneswalker.com
MARK A. CUNNINGHAM (La. Bar No. 24063)*
Email: mcunningham@joneswalker.com
AVERY B. PARDEE (La. Bar No. 31280)*
Email: apardee@joneswalker.com
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone:  (504) 582-8316
(*pending pro hac vice admission)

Attorneys for Plaintiffs
SIMON GREENSTONE PANATIER BARTLETT PC,
JEFFREY B. SIMON, and DAVID C. GREENSTONE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON GREENSTONE PANATIER BARTLETT PC, JEFFREY B. SIMON, and DAVID C. GREENSTONE,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN CRANE INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Simon Greenstone Panatier Bartlett, PC, Jeffrey B. Simon, and David C. Greenstone (together, "Simon Greenstone"), file this Complaint seeking a judgment declaring that their litigation conduct and advocacy on behalf of clients in personal injury and wrongful death suits against John Crane Inc. ("JCI") did not violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

U.S.C. § 1961, *et seq.*, or state tort law and that JCI is not entitled to damages or equitable relief, awarding Simon Greenstone damages for JCI's breach of contract, and enjoining JCI from further breaches of its settlement agreements.

## SUMMARY OF THE ACTION

1. Simon Greenstone is nationally recognized for its advocacy on behalf of clients in asbestos personal injury and wrongful death litigation. Simon Greenstone has obtained multiple multi-million dollar verdicts and punitive damage awards against JCI in California state court and has had 44 cases against JCI in state and federal courts in California. Reviewing courts have found "substantial evidence" supporting juries' findings that JCI acted with "a fraudulent or evil motive" and a "'base, vile, or contemptible disregard of the rights and safety of others" and upheld these verdicts. *Pfeifer v. John Crane, Inc.*, 220 Cal.App.4th 1270, 1300-1303, 164 Cal.Rptr.3d 112, 134–37 (2013); *Kelemen v. John Crane*, No. B221778, 2011 WL 3913115, at *7 (Cal. Ct. App. 2011).

2. In a desperate effort to avoid future multi-million dollar verdicts and punitive damage awards, JCI has embarked on a campaign to chill Simon Greenstone's advocacy efforts and to discourage JCI's victims from hiring Simon Greenstone by threatening to file suit against Simon Greenstone for racketeering, conspiracy, and fraud, based upon Simon Greenstone's handling of cases against JCI. Specifically, JCI claims that Simon Greenstone directed clients to provide false and misleading information about their exposure to asbestos-containing products. Attached as <u>Exhibit A</u> is a copy of JCI's Motion to Intervene in North Carolina litigation between Simon Greenstone and Garlock Sealing Technologies LLC ("Garlock"), in which JCI seeks leave to file a Complaint against Simon Greenstone under RICO and state tort law. Simon Greenstone opposes the intervention and it is unlikely the court will grant the motion. JCI has no connection to the forum or the Garlock litigation and is only seeking what it views as a favorable forum.

3. The allegations in JCI's proposed Complaint lack any truth in fact, and JCI has never obtained (or even sought) a court order charging Simon Greenstone with engaging in discovery misconduct. Nonetheless, Simon Greenstone has a real and reasonable apprehension that JCI will institute litigation against Simon Greenstone and has suffered and will continue to suffer injury until the actual controversy between them is resolved. Among other things, by alleging that Simon Greenstone's litigation conduct constitutes racketeering and fraud, JCI is disrupting the attorney-client relationship between Simon Greenstone and its clients, attempting to chill Simon Greenstone's advocacy on behalf of its clients, damaging the reputation and credibility of Simon Greenstone in the legal community, and discouraging clients, lawyers, and other third parties from referring JCI's victims and other potential clients to Simon Greenstone.

4. These injuries can be redressed through declaratory relief. Accordingly, Simon Greenstone seeks a declaration that its litigation-related conduct on behalf of clients in personal injury and wrongful death suits against JCI did not violate RICO or state tort law; that Simon Greenstone is entitled to immunity for its petitioning conduct in cases against JCI going forward; and that the claims that JCI intends to bring against Simon Greenstone are barred by the doctrines of unclean hands, waiver and release, the First Amendment, applicable litigation privileges, and the *Noerr-Pennington* doctrine.

5. Additionally, by seeking to intervene in the Garlock litigation pending in North Carolina, JCI breached its settlement agreements or negotiated orders of dismissal in the California litigation *Hill, et al. v. Air & Liquid Sys., et al.*, Case No. 2:12-cv-8713 (C.D. Cal.), a copy of which is attached as <u>Exhibit B</u>, *Eisler, et al. v. Alfa Laval, Inc., et al.*, Case No. BC455462 (Los Angeles Co., Cal.), a copy of which is attached as <u>Exhibit C</u>, *Kelemen, et al. v. John Crane, Inc.,* Case No. BC384059 (Los Angeles Co., Cal.), a copy of which is attached under seal as <u>Exhibit D</u>, *Lange, et al. v. Alfa Laval, et al.*, Case No. BC396922 (Los Angeles Co.,

Cal.), a copy of which is attached as <u>Exhibit E</u>, and a Texas case entitled *White, et al. v. Buffalo Pumps, Inc., et al*, Case No. 153-221161-06 (Tarrant Co., Tex.), a copy of which is attached as <u>Exhibit F.</u> JCI also breached its settlement agreements in the California litigation entitled *Geist v. John Crane, Inc.*, Case No. BC430412 (Los Angeles Co., Cal.) and a Pennsylvania action, *Hecklesberg, et al. v. AW Chesterton Co., et al.*, No. 100602038 (Philadelphia Co., Penn.), in which JCI and Simon Greenstone negotiated a complete dismissal of claims after trial.

## PARTIES

6. Plaintiff Simon Greenstone is a law firm organized as a professional corporation under the laws of the state of Texas. Simon Greenstone is the successor to Simon, Eddins & Greenstone, LLP. Simon Greenstone has two offices: its principal office is located in Dallas County, Texas, and its California office is located in Los Angeles County, California.

7. Plaintiff Jeffrey B. Simon is a lawyer licensed to practice in the states of California, Texas, and New York, and a partner in Simon Greenstone Panatier Bartlett, PC. Simon is domiciled in Texas.

8. Plaintiff David C. Greenstone is a lawyer licensed to practice in the states of California, Texas, and New York, and a partner in Simon Greenstone Panatier Bartlett, PC. Greenstone is domiciled in Texas.

9. Defendant John Crane Inc. ("JCI") is a Delaware corporation with its principal place of business in Morton Grove, Illinois. JCI is the corporate successor of Crane Packing Company, an entity organized in Illinois, and John Crane-Houdaille, a Delaware corporation. Its parent company is Smiths Group PLC, which, on information and belief, controls JCI's litigation and settlement strategy.

## JURISDICTION AND VENUE

10. This case arises under RICO, 18 U.S.C. § 1961, *et seq*. and the Declaratory Judgment Act, 28 U.S.C. § 2201, based upon an actual controversy between the parties. This Court has subject matter jurisdiction under 28 U.S.C. §§

1331 and 1367. The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy, exclusive of costs, exceeds $75,000.

11. This Court has personal jurisdiction over JCI because this case involves a dispute concerning alleged conduct and actions that primarily occurred in state and federal court cases litigated in California and, more particularly, the Central District of California. The Court also has personal jurisdiction over JCI because it maintains a sales office in Cerritos, California and actively markets, sells, and distributes products in the Central District of California.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the action occurred in the Central District of California.

## FACTS

13. Simon Greenstone provides legal services to individuals injured or killed as a result of their exposure to asbestos, and their survivors, in personal injury and wrongful death litigation. Simon Greenstone has litigated numerous cases on behalf of its clients against JCI and prevailed in the great majority of them, with total jury awards that surpass $100 million.

14. Reviewing courts have found "substantial evidence" supporting jury verdicts and punitive damage awards. According to these courts, the evidence against JCI demonstrated that it sold products that seriously injure and kill innocent people, and that it did so with maliciousness, recklessness, and/or a conscious indifference to their health and well-being. *Pfeifer v. John Crane, Inc.*, 220 Cal.App.4th 1270, 1300-1303, 164 Cal. Rptr. 3d 112, 134–37 (2013); *Kelemen v. John Crane*, No. B221778, 2011 WL 3913115, at *7 (Cal. Ct. App. 2011). These findings demonstrate that JCI has a callous disregard for human life and concern only for its bottom line.

15. JCI also routinely obstructs the administration of justice when defending asbestos-related personal injury and wrongful death cases. By way of example, in *Adams, et al. v. A.W. Chesterton Co., et al.*, Order, No. STCV10-3924-FO (Chatham Co., Georgia, June 19, 2013), a trial court sanctioned JCI for destroying inculpatory evidence on an almost daily basis for more than five years after it became aware of litigation against it. A copy of the trial court's Order and reasons is attached as <u>Exhibit G.</u>

16. Similarly, JCI routinely misrepresents in discovery in courts throughout the country that it first learned about the health hazards of asbestos in 1970 without disclosing that it has previously admitted under oath that it had knowledge of these health hazards as early as 1943. These admissions were made by its corporate representative, George Springs, a paid outside consultant, in *Voelker, et al. v. Alfa Laval, Inc., et al.*, Index #801886-2013 (Erie Co., NY). After the jury rendered a multi-million dollar verdict in *Voelker*, JCI directed (and continues to direct) Springs to certify false interrogatories and testify that JCI lacked knowledge of its products' hazards until 1970.

17. In the *Kelemen* and *Pfeifer* cases described above, the courts identified 1970 as the date when JCI first had knowledge of the health hazards of asbestos in connection with their evaluation of the punitive damage awards. The *Kelemen* court noted in the fact section of its opinion that "[i]n 1970, JCI learned that asbestos was dangerous and could cause deadly diseases," 2011 WL 3913115, at *2. The *Pfeifer* court wrote that "George Springs, JCI's representative, testified that in 1970, JCI learned that handling raw asbestos was hazardous to certain workers." 220 Cal.App.4th at 1300, 164 Cal. Rptr. 3d at 135. Had the juries in those cases known that Mr. Springs had previously testified that JCI had knowledge of the health hazards as early as 1943, the punitive damage awards likely would have been multiples of the damages actually awarded.

18. JCI has most recently demonstrated its refusal to accept responsibility for thousands of dead and dying mesothelioma claimants by alleging in a motion to intervene in an unrelated case between Simon Greenstone and Garlock that it is entitled to recover damages and equitable relief from Simon Greenstone under RICO and state tort laws because Simon Greenstone caused its clients, most of whom were Navy veterans, to lie under oath and provide false and misleading information about their injuries and the sources of those injuries.

19. The allegations that JCI has made against Simon Greenstone are false and offensive and represent the ultimate insult upon injury to the victims that JCI fatally poisoned and to the many juries that found that JCI engaged in this conduct with maliciousness, recklessness, and/or a conscious indifference to the health and well-being of the public. By vigorously representing its clients, Simon Greenstone did not engage in an unlawful criminal conspiracy or racketeering conduct. Simon Greenstone also is protected from suit by the applicable statute of limitations, unclean hands doctrine, waiver and release, the First Amendment, and the doctrines of litigation immunity and *Noerr–Pennington*.

20. Among other things, the claims asserted by JCI are barred in whole or in part by a written settlement agreement in a case entitled *Hill, et al. v. Air & Liquid Sys., et al.*, Case No. 2:12-cv-8713, which was tried in the Central District of California. The settlement agreement included a "complete and final mutual resolution and release of the Hill case between the parties, as well as their counsel with regard to the Hill case" and was confirmed in writing by JCI on March 20, 2015. See Exhibit B. JCI's claims are further barred in whole or in part by its settlements of the following cases: *Eisler, et al. v. Alfa Laval, Inc., et al.*, Case No. BC455462 (Los Angeles Co., Cal.), see Exhibit C, *Kelemen, et al. v. John Crane, Inc.,* Case No. BC384059 (Los Angeles Co., Cal.), see Exhibit D, *Lange, et al. v. Alfa Laval, et al.*, Case No. BC396922 (Los Angeles Co., Cal.), see Exhibit E, *White, et al. v. Buffalo Pumps, Inc., et al*, Case No. 153-221161-06 (Tarrant Co.,

Tex.), *see* <u>Exhibit F.</u> JCI also breached its settlement agreements in the litigation entitled *Geist v. John Crane, Inc.*, Case No. BC430412 (Los Angeles Co., Cal.) and *Hecklesberg, et al. v. AW Chesterton Co., et al.*, No. 100602038 (Philadelphia Co., Penn.).

21. Additionally, JCI's claims are barred in whole or in part by the applicable statutes of limitations. JCI complains in its proposed complaint that it first suffered its RICO injury when it settled the *Lange* and *Eisler* cases, resulting in dismissal from those lawsuits in 2010 in exchange for a waiver of costs. By that time, JCI, along with all other manufacturers and resellers of asbestos-containing products, had long known of the judicially-approved confidentiality provisions applicable to trust claims and bankruptcy filings of which it now complains. JCI's claim in the proposed Complaint that it was damaged as a result of this secrecy is made notwithstanding the fact that in California, JCI's trial strategy was to argue to juries that other general categories of defendants, such as manufacturers of friable asbestos insulation, were responsible for the plaintiffs' disease, but without shouldering the burden of proving that specific entities were negligent or reckless, and that in Pennsylvania, a joint and several liability jurisdiction, presentation of evidence that plaintiffs had made trust claims would have actually harmed JCI's defense.

22. JCI has not been permitted to intervene in the Garlock litigation to date and it is unlikely that it will be permitted to intervene in the future. JCI is not affiliated with Garlock and has no connection to Simon Greenstone's dispute with Garlock or the North Carolina venue in which the Garlock litigation is pending. JCI relies primarily on alleged conduct occurring in this District to support its claims against Simon Greenstone. Specifically, JCI has identified seven cases in which it claims that Simon Greenstone engaged in misconduct. Four of those cases were litigated in Los Angeles County California, and a fifth was litigated in federal court in this District. The two others were litigated in Dallas County, Texas and

Philadelphia County, Pennsylvania. *See* <u>Exhibit A</u> at ¶¶ 115-291. No court has entered a final decision with respect to the controversy raised by this Complaint and no complaint or petition has been filed in any other jurisdiction with respect to the controversy. Further, a settlement agreement governing this dispute was entered in connection with the case *Hill, et al. v. Air & Liquid Sys., et al.*, Case No. 2:12-cv-8713, which was litigated in this District.

23. Nonetheless, Simon Greenstone has a real and reasonable apprehension that JCI will institute litigation against Simon Greenstone and has suffered, and will continue to suffer, injury until the actual controversy between Simon Greenstone and JCI is resolved. Among other things, by alleging that Simon Greenstone's litigation conduct constitutes racketeering and fraud, JCI is disrupting the attorney-client relationship between Simon Greenstone and its clients, attempting to chill Simon Greenstone's advocacy on behalf of its clients, damaging the reputation and credibility of Simon Greenstone in the legal community, and discouraging clients, lawyers, and other third parties from referring JCIs's victims and other potential clients to Simon Greenstone. These injuries can be redressed by the requested declaratory relief by eliminating any threat that JCI will be permitted to retaliate against Simon Greenstone for advocating on behalf of its clients or engaging in other petitioning activity. Declaratory relief also will serve the public interest by advancing important public policy goals. Eliminating the threat of retaliatory RICO lawsuits by state court losers like JCI will allow other lawyers to continue advocating vigorously for their clients and prevent JCI from disrupting the administration of justice in California.

## COUNT ONE:

## <u>DECLARATORY JUDGMENT THAT SIMON GREENSTONE HAS NO LIABILITY FOR VIOLATIONS OF RICO</u>

24. Simon Greenstone incorporates by reference each of the allegations in the preceding Paragraphs as if fully set forth in this Paragraph.

25. An actual controversy exists between Plaintiffs and Defendant as to whether JCI is entitled to damages and equitable relief against Simon Greenstone for its litigation conduct and client advocacy in cases brought against JCI and that may be brought in the future.

26. JCI alleges, as set forth in <u>Exhibit A</u>, and Plaintiffs deny, that Simon Greenstone violated RICO by causing its clients, most of whom were Navy veterans, to lie under oath and provide false and misleading information about their injuries and the sources of those injuries.

27. Plaintiffs allege, and JCI denies, that any claims JCI may have had under RICO are barred in whole or part by the applicable statute of limitations, unclean hands, waiver and release, the First Amendment, and the doctrines of litigation immunity and *Noerr–Pennington*.

28. Plaintiffs are entitled to a judgment declaring that its litigation conduct and client advocacy in cases brought against JCI in the past and that may be brought in the future do not violate RICO and that JCI is not entitled to damages or equitable relief.

## COUNT TWO:
## DECLARATORY JUDGMENT THAT SIMON GREENSTONE HAS NO LIABILITY FOR VIOLATIONS OF STATE TORT LAW

29. Simon Greenstone incorporates by reference each of the allegations in the preceding Paragraphs as if fully set forth in this Paragraph.

30. An actual controversy exists between Plaintiffs and Defendant as to whether JCI is entitled to damages and equitable relief against Simon Greenstone for its litigation conduct and client advocacy in cases brought against JCI and that may be brought in the future.

31. JCI alleges, as set forth in <u>Exhibit A</u>, and Plaintiffs deny, that Simon Greenstone engaged in fraud, conspiracy, and other violations of state tort law by causing its clients, most of whom were Navy veterans, to lie under oath and provide

false and misleading information about their injuries and the sources of those injuries.

32. Plaintiffs allege, and JCI denies, that any claims JCI may have had under state tort law are barred in whole or part by the applicable statute of limitations, unclean hands, waiver and release, the First Amendment, and the doctrines of litigation immunity and *Noerr–Pennington*.

33. Plaintiffs are entitled to a judgment declaring that its litigation conduct and client advocacy in cases brought against JCI in the past and that may be brought in the future do not violate state tort law and that JCI is not entitled to damages or equitable relief.

## COUNT THREE:
## BREACH OF CONTRACT

34. Simon Greenstone incorporates by reference each of the allegations in the preceding Paragraphs as if fully set forth in this Paragraph.

35. By seeking to intervene in the Garlock litigation pending in North Carolina, JCI breached its settlement agreements or negotiated orders of dismissal in the litigation entitled *Hill, et al. v. Air & Liquid Sys., et al.*, Case No. 2:12-cv-8713 (C.D. Cal.), as set forth in Exhibit B, *Eisler, et al. v. Alfa Laval, Inc., et al.*, Case No. BC455462 (Los Angeles Co., Cal.), as set forth in Exhibit C, *Kelemen, et al. v. John Crane, Inc.,* Case No. BC384059 (Los Angeles Co., Cal.), as set forth in Exhibit D, *Lange, et al. v. Alfa Laval, et al.*, Case No. BC396922 (Los Angeles Co., Cal.), as set forth in Exhibit E, and *White, et al. v. Buffalo Pumps, Inc., et al*, Case No. 153-221161-06 (Tarrant Co., Tex.), as set forth in Exhibit F. JCI also breached its settlement agreements in the litigation entitled *Geist v. John Crane, Inc.*, Case No. BC430412 (Los Angeles Co., Cal.) and *Hecklesberg, et al. v. AW Chesterton Co., et al.*, No. 100602038 (Philadelphia Co., Penn.), in which JCI and Simon Greenstone negotiated a complete dismissal of claims after trial. These settlements were all intended by the parties to the agreements to bring finality to all disputes

and claims between JCI and the individual litigants. Releasing Simon Greenstone as counsel for the individual litigants, therefore, represented a material part of their bargain and a benefit to Simon Greenstone.

36. By filing a motion to intervene in the Garlock Litigation, JCI has breached the settlement agreements. JCI's breaches forced Simon Greenstone to engage counsel at its own cost and increased the expenses of its own operations, and Simon Greenstone is entitled to be compensated for these injuries in an amount exceeding $75,000.

## JURY TRIAL DEMAND

37. Simon Greenstone demands a jury trial on all matters so triable.

WHEREFORE, Plaintiffs pray for relief as follows:

1. For a judicial determination and order declaring that its litigation conduct and client advocacy in cases brought against JCI in the past and that may be brought in the future do not violate RICO or state tort law and that JCI is not entitled to damages or equitable relief.

2. For a judgment awarding damages to Simon Greenstone for breach of contract and attorneys' fees and costs in an amount to be proven at trial.

3. For an order enjoining JCI and its agents and attorneys from further breaching the settlement agreements between JCI and clients represented by Simon Greenstone; and

///
///
///

4. For such additional and further relief, in law and equity, as the Court may deem just and proper.

Dated: February 19, 2016   Respectfully submitted,

             BUCHALTER NEMER, PC

             By: */s/ Robert M. Dato*
               Harry W.R. Chamberlain II
               Robert M. Dato

             - and -

             JONES WALKER LLP
             Michael W. Magner*
             Mark A. Cunningham*
             Avery B. Pardee*
             (pending pro hac vice admission)

             Attorneys for Plaintiffs
             SIMON GREENSTONE PANATIER
             BARTLETT, PC, JEFFREY B. SIMON,
             and DAVID C. GREENSTONE